## RICE–STIX DRY GOODS CO. v. JOSEPH HOROWITZ & SONS, Inc.

(Court of Appeals of District of Columbia. Submitted January 17, 1927. Decided February 7, 1927. Petition for Rehearing Denied February 26, 1927.)

No. 1923.

Trade-marks and trade-names and unfair competition ⬅️44—Evidence held to show prior adoption of trade-mark in trade-mark opposition proceeding.

In proceeding for registration of trade-mark, evidence *held* to sustain finding of prior use by opposer.

Appeal from Decision of Commissioner of Patents.

Application for registration of trade-mark by the Rice-Stix Dry Goods Company, opposed by Joseph Horowitz & Sons, Inc. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

J. J. Gravely, of St. Louis, Mo., and E. S. Clarkson, of Washington, D. C., for appellant.

P. B. Turpin, of Washington, D. C., and John K. Brachvogel and S. W. Foster, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from concurring decisions of the Patent Office, denying appellant's application for the registration of a trade-mark, because of the prior use of a similar mark by appellee upon goods of the same descriptive properties. Appellant's application was filed on October 15, 1923. The mark consists of the words "Big Chief," associated with the side view figure of an Indian head, dressed after the fashion of an Indian chief. The mark was claimed for men's and boy's outer shirts, and use was asserted by appellant since January 11, 1915.

It appears that the appellee, on June 23, 1919, had obtained registration of a mark, also consisting of the words "Big Chief" accompanied by the representation of an Indian head, side view, with the headdress of an Indian chief, for use upon work shirts. The record of this registration disclosed no earlier use of the mark by the registrant, now the appellee, than the year 1919. In the present case, however, the appellee has introduced evidence tending to prove that as early as the year 1906 it adopted a mark consisting of the name "Chief," associated with a full face view of an Indian chief, for use upon similar goods, and had used the same continuously from that date until the time of its registration. Appellee claimed that this fact served to preclude the registration now applied for by appellant.

Passing upon the testimony relating to this issue, the Examiner of Interferences and the Commissioner alike sustained appellee's claim to the use of such a mark prior to the adoption of the present mark by appellant, and held that this use was a bar to the registration applied for by appellant.

We have examined the testimony, and find it sufficient to sustain the conclusion reached by the Examiner and Commissioner. The decision is therefore affirmed.